IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK08-80725 |
| SAM R. CAMPAGNA and ) | A18-8332 |
| ROSE MARIE CAMPAGNA, ) | |
| ) | |
| Debtor(s). ) | CHAPTER 13 |
| SAM R. CAMPAGNA and ) | |
| ROSE MARIE CAMPAGNA, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the court on the IRS's motion for summary judgment (Fil. No. 24) and resistance by the debtors (Fil. No. 26). Albert P. Burnes represents the debtors, and Douglas R. Semisch represents the IRS. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The debtors completed their Chapter 13 plan in 2014 and obtained a discharge. The plan included payments on the IRS's amended claim for federal income taxes for 2003, 2004, 2005, and 2006. The debtors believe the IRS's priority claim and unsecured claim were fully paid through the plan. The IRS, however, believes otherwise and has commenced steps to collect the amount due on the 2005 tax liability. The debtors filed this adversary proceeding to enforce the automatic stay and discharge order against the IRS. The IRS has moved for summary judgment.

The motion is granted.

Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). On a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party,

there is no genuine issue for trial." *Id.* (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The parties agree on the following facts:

1. The plaintiffs are the debtors in the underlying Chapter 13 case which was filed on March 20, 2008.

2. At the time of filing, the debtors had income tax liabilities owing to the IRS for 2003 through 2006.

3. The IRS's original proof of claim listed priority taxes of $19,156.50 for tax years 2004 through 2006. The claim showed no returns had yet been filed for the 2004 and 2005 tax years.

4. The debtors subsequently filed their past-due returns, and their 2007 return, enabling the IRS to make assessments and apply credits.

5. On July 28, 2008, the IRS filed an amended proof of claim showing a priority debt of $6,542.87 and an unsecured debt of $2,090.33.

6. The debtors filed an objection to the IRS's amended proof of claim on August 20, 2008. The objection indicated the IRS had retained the debtors' 2007 tax refund of $3,817.00 and their stimulus refund in the amount of $1,200.00 as an offset against the priority tax claim, which should be $1,525.87.

7. The IRS did not respond to the debtors' objection to claim.

8. The court entered an order sustaining the debtors' objection on September 11, 2008.

9. The Chapter 13 trustee allowed the IRS claim in the priority amount of $1,525.87 and unsecured amount of $2,090.33 as requested by the debtors' objection to the IRS amended claim.

10. The debtors made the payments under the plan and received a discharge from the court on May 19, 2014.

11. The IRS restarted collection activity after the discharge was granted and those collection activities relate to the 2005 tax year.

12. The debtors have made payments to the IRS post-discharge.

The parties differ on whether the amount of taxes in the amended proof of claim reflect credit for offsets resulting from the IRS's retention of certain refunds owed to the debtors, and the IRS asserts it was not properly served with the debtors' objection to its amended proof of claim. The parties identify the issues in the adversary proceeding as the calculation of the appropriate amount

of the IRS's claim and whether any portion remained unpaid at the completion of the plan; whether the IRS was properly served with the objection to the amended proof of claim; whether the allowance of a claim in an incorrect amount extinguishes the IRS's claim for the remainder due; and whether the 2005 tax liability is non-dischargeable.

The IRS's evidence shows the assessed taxes, credits, penalties, interest, and payments for each year from 2003 through 2007. When all the additions and subtractions are accounted for, the only remaining balance due is $3,984.16 for the debtors' 2005 tax liability. This is what the IRS is attempting to collect.

With regard to the matter of whether the IRS was properly served with notice of the debtors' objection to the amended claim, the local rules of this court in effect when the bankruptcy case was filed provided that notice of an objection to claim was to be served on the United States Attorney General, the United States Attorney for the District of Nebraska, and the IRS at a post office box in Philadelphia, PA. Neb. R. Bankr. P. 9013-1.G., 2002-2, and App. B (effective date March 15, 2008). The IRS's amended proof of claim listed the same Philadelphia post office box as the address where notices should be sent. Despite this, the debtors served the objection on the IRS's Omaha office and on the local U.S. Attorney.

The court need not decide here whether defective notice bars the IRS from collecting its debt. The issue of proper service is merely tangential to the real issue in the case, which is whether the 2005 tax liability was discharged or whether the IRS may continue its collection efforts. Regardless of whether the IRS had proper notice[1], the debt survives discharge. *See* 11 U.S.C. §§ 1328(a)(2) and 523(a)(1)(B)(ii). When tax returns are filed both late and less than two years before bankruptcy, the exception from discharge for the resulting debt "allows 'the [IRS] a reasonable time to collect the tax' because '[u]ntil [a] return is filed, the [IRS] cannot be expected to take action to assess or collect the tax.'" *Reuland v. IRS (In re Reuland)*, 591 B.R. 342, 346 (Bankr. N.D. Ill. 2018) (quoting *Greenstein v. Ill. Dep't of Revenue (In re Greenstein)*, 95 B.R. 583, 585 (Bankr. N.D. Ill. 1989)). "The Bankruptcy Code is, in effect, 'making a policy decision in favor of the tax collector over the debtor's need for sufficient property to make a fresh start.'" *Id.* (quoting *Etheridge v. Illinois*, 127 B.R. 421, 422 (C.D. Ill. 1989)).

On a motion for summary judgment, the movant bears the initial responsibility of informing the court of the basis for the motion, and must identify those portions of the record which the movant believes demonstrate the absence of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the movant does so, the non-movant must respond

---

[1]Under some circumstances, the IRS's failure to timely raise the issue of inadequate notice forecloses its remedies and extinguishes its interest in property. *See Glasgow Realty, LLC v. Withington*, 345 F. Supp. 2d 1025 (E.D. Mo. 2004) (holding that a technical deficiency in a notice of foreclosure sale did not relieve the IRS of its statutory obligation to notify the purchaser of the inadequate notice; because the IRS did not provide notice of inadequacy or redeem the property, any deficiencies were cured and the IRS's interest was extinguished).

by submitting evidentiary materials that set out specific facts showing the existence of a genuine issue of material fact. *Id.* The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts," and must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). In order to show that disputed facts are material, the party opposing summary judgment must cite to the relevant substantive law in identifying facts that might affect the outcome of the suit. *Quinn v. St. Louis County*, 653 F.3d 745, 751 (8th Cir. 2011).

Here, the evidence submitted by the debtors consists of filings from their bankruptcy case and the IRS's claims. The debtors did not submit a brief in support of their objection to the motion. The debtors have not established the existence of any material factual issues. The IRS provided an accounting showing how the taxes, penalties, and interest were calculated and what payments were applied to them, which demonstrates that the debtors erroneously computed the amounts due. The automatic stay expired when the debtors were discharged, 11 U.S.C. § 362(c)(2)(C), so the IRS is not in violation of the stay. The discharge injunction of § 524 is not effective against non-dischargeable debts, which is what is at issue here. For these reasons, the IRS's motion for summary judgment is granted.

IT IS ORDERED: The IRS's motion for summary judgment (Fil. No. 24) is granted. Separate judgment will be entered.

DATED: September 19, 2019.

BY THE COURT:

/s/Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Albert P. Burnes
    *Douglas R. Semisch
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.